# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>Plaintiff,<br>vs.<br><br>Indium Software, Inc.,<br><br>Defendant. | Adv. Proc. No. 24-05122 |

**ANSWER OF INDIUM SOFTWARE, INC. TO PLAITIFF'SF FIRST AMENDED COMPLAINT**

Indium Software, Inc. ("Indium" or the "Defendant") for its Answer to the *First Amended Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers, and Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* (the "Adversary Complaint") filed by Luc A. Despins, as Chapter 11 Trustee (the "Plaintiff" or the "Trustee") states and alleges as follows:

1. Indium admits the description of the Trustee's claims, but denies Paragraph 1 of the Adversary Complaint inasmuch as it presumes that the Trustee is entitled to relief.

2. Indium is without knowledge to admit or deny the allegations contained in Paragraph 2 of the Adversary Complaint and therefore denies those allegations.

3. Indium denies the allegations in Paragraph 3 of the Adversary Complaint.

---

[1] The Debtors in these chapter 11 cases are: Pack Liquidating, LLC; GV Liquidating LLC; PM Liquidating, LLC; PP Liquidating, LLC; PV Liquidating, LLC; and AB Liquidating, LLC.

1

4. Indium denies the allegations in Paragraph 4 of the Adversary Complaint.

5. Indium denies the allegations in Paragraph 5 of the Adversary Complaint.

6. Indium denies the allegations in Paragraph 6 of the Adversary Complaint.

7. The allegations in Paragraph 7 of the Adversary Complaint are statements of law, which Indium does not admit or deny.

8. Indium admits the asserted predicates in Paragraph 8 of the Adversary Complaint, but denies that the Plaintiff has any right to relief upon them.

9. Indium admits the allegations in Paragraph 9 of the Adversary Complaint.

10. Indium denies the allegations in Paragraph 10 of the Adversary Complaint and states that its registered office address is 10080 N. Wolfe Rd., Suite SW3-200, Cupertino CA-95014.

11. Indium admits the allegations in Paragraph 11 of the Adversary Complaint.

12. Indium admits the allegations in Paragraph 12 of the Adversary Complaint.

13. In response to the allegations in Paragraph 13 of the Adversary Complaint, Indium states that the Debtor's bankruptcy schedules speak for themselves, and denies all other allegations in Paragraph 13.

14. Indium admits the allegations in Paragraph 14 of the Adversary Complaint.

15. Indium is without information to admit or deny the allegations contained in Paragraph 15 of the Adversary Complaint and therefore denies those allegations.

16. In response to Paragraph 16 of the Adversary Complaint, Indium admits that the Trustee has commenced adversary proceedings and denies all other allegations contained in Paragraph 16.

17. In response to Paragraph 17 of the Adversary Complaint, Indium admits that the

Court's judgments speak for themselves and denies all other allegations contained in Paragraph 17.

18. In response to Paragraph 18 of the Adversary Complaint, Indium admits that the Trustee has commenced the Omnibus A.P. and denies all other allegations contained in Paragraph 18.

19. In response to Paragraph 19 of the Adversary Complaint, Indium admits that the Trustee has made those allegations in the Omnibus A.P. and denies all other allegations, including any right the Trustee may have to relief on the allegations in the Omnibus A.P.

20. In response to Paragraph 20 of the Adversary Complaint, Indium admits that the Court's judgments speak for themselves and denies all other allegations contained in Paragraph 20.

21. In response to Paragraph 21 of the Adversary Complaint, Indium admits that the Court's judgments speak for themselves and denies all other allegations contained in Paragraph 21.

22. In response to the allegations in Paragraph 22 of the Adversary Complaint, Indium states that the judgments of the U.S. District Court for the Southern District of New York speak for themselves, and denies all other allegations in Paragraph 22.

23. Indium is without information to admit or deny the allegations contained in Paragraph 23 of the Adversary Complaint and therefore denies those allegations.

24. Indium is without information to admit or deny the allegations contained in Paragraph 24 of the Adversary Complaint and therefore denies those allegations.

25. In response to the allegations in Paragraph 25 of the Adversary Complaint, Indium states that the Debtor's bankruptcy schedules speak for themselves, and denies all other allegations

in Paragraph 25.

26. Indium is without information to admit or deny the allegations contained in Paragraph 26 of the Adversary Complaint and therefore denies those allegations.

27. Indium is without information to admit or deny the allegations contained in Paragraph 27 of the Adversary Complaint and therefore denies those allegations.

28. Indium denies the allegations in Paragraph 28 of the Adversary Complaint.

29. Indium is without information to admit or deny the allegations contained in Paragraph 29 of the Adversary Complaint and therefore denies those allegations.

30. Indium denies the allegations in Paragraph 30 of the Adversary Complaint.

31. Indium denies the allegations in Paragraph 31 of the Adversary Complaint.

32. In response to the allegations in Paragraph 32 of the Adversary Complaint, Indium states that the judgments of the U.S. District Court for the Southern District of New York speak for themselves, and denies all other allegations in Paragraph 32.

33. Indium denies the allegations in Paragraph 33 of the Adversary Complaint.

34. Indium denies the allegations in Paragraph 34 of the Adversary Complaint.

35. Indium denies the allegations in Paragraph 35 of the Adversary Complaint.

36. Indium denies the allegations in Paragraph 36 of the Adversary Complaint.

37. Indium admits that it received transfers from the transferors listed in Schedule A to the Adversary Complaint but denies all other allegations in Paragraph 37 of the Adversary Complaint, including as to the ultimate source and amount of those transfers.

38. Indium admits that it received transfers from the transferors listed in Schedule B to the Adversary Complaint but denies all other allegations in Paragraph 38 of the Adversary Complaint, including as to the ultimate source and amount of those transfers.

39. Indium is without information to admit or deny the allegations contained in Paragraph 39 of the Adversary Complaint and therefore denies those allegations.

40. Indium denies the allegations in Paragraph 40 of the Adversary Complaint.

41. In response to Paragraph 41 of the Adversary Complaint, Indium restates and realleges the preceding paragraphs.

42. Indium denies the allegations in Paragraph 42 of the Adversary Complaint.

43. Indium denies the allegations in Paragraph 43 of the Adversary Complaint.

44. Indium denies the allegations in Paragraph 44 of the Adversary Complaint.

45. In response to Paragraph 45 of the Adversary Complaint, Indium restates and realleges the preceding paragraphs.

46. Indium denies the allegations in Paragraph 46 of the Adversary Complaint.

47. Indium denies the allegations in Paragraph 47 of the Adversary Complaint.

48. Indium denies the allegations in Paragraph 48 of the Adversary Complaint.

49. In response to Paragraph 49 of the Adversary Complaint, Indium restates and realleges the preceding paragraphs.

50. Indium denies the allegations in Paragraph 50 of the Adversary Complaint.

51. Indium denies the allegations in Paragraph 51 of the Adversary Complaint.

52. Indium denies the allegations in Paragraph 52 of the Adversary Complaint.

53. Indium denies the allegations in Paragraph 53 of the Adversary Complaint.

54. Indium denies the allegations in Paragraph 54 of the Adversary Complaint.

55. Indium denies the allegations in Paragraph 55 of the Adversary Complaint.

56. Indium denies any and all remaining allegations in the Adversary Complaint not expressly admitted within.

## AFFIRMATIVE DEFENSES

Indium intends to rely upon the following affirmative defenses, special defenses, and other defenses. In identifying the defenses set forth below, Indium does not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that the Trustee alleges. Indium does not undertake any burdens that properly rest upon the Trustee, and does not suggest that either the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that the Trustee must establish in order to make out a prima facie case against Indium. These defenses are set forth cumulatively and in the alternative.

Indium asserts all affirmative defenses available under applicable federal or state law, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Uniform Commercial Code, the laws of the State of New York, and the Local Rules of this Court, and reserves the right to modify or supplement these affirmative defenses or special defenses when and if they become appropriate in this action.

## FIRST AFFIRMATIVE DEFENSE

1. The Trustee fails to state a claim upon which relief may be granted against Indium pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b) because he fails to properly plead the elements required for avoidance of the Debtors' obligations to Indium.

## SECOND AFFIRMATIVE DEFENSE

2. The Adversary Complaint is factually deficient, devoid of detail, and does not meet the federal pleading standards set forth in the Federal Rules of Civil Procedure and by the United States Supreme Court, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), because it, among others, (a) pleads numerous factual allegations about which Indium could not have knowledge, (b) fails to allege facts sufficient to establish that the Debtor

was insolvent at all relevant times, and (c) fails to include any specific allegations of fact to establish that the Debtor received less than reasonably equivalent value in exchange for the Transfers allegedly received by Indium.

### THIRD AFFIRMATIVE DEFENSE

The Trustee fails to state a claim upon which relief may be granted against Indium pursuant to Federal Rule of Civil Procedure 9(b), made applicable by Bankruptcy Rule 7009, because he fails to properly state with particularity the circumstances constituting fraud.

### FOURTH AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations or repose.

### FIFTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part by the doctrines of release, laches, waiver, issue preclusion, unclean hands, res judicata or collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

5. To the extent that one or more of the Transfers alleged in the Adversary Complaint were made, avoidance is barred by 11 U.S.C. § 548(c) because Indium took any such Transfer for value, in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

6. The Adversary Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of a fraudulent transfer under 11 U.S.C. §§ 548 & 550 with sufficient particularity and factual basis.

### EIGHTH AFFIRMATIVE DEFENSE

7. To the extent that one or more of the Transfers alleged in the Adversary Complaint were made, recovery is barred by 11 U.S.C. § 550(b) because Indium took any such Transfer for

value, in good faith.

## NINTH AFFIRMATIVE DEFENSE

8. The Postpetition Transfers were transfers in the ordinary course of business authorized under 11 U.S.C. § 1108 and 11 U.S.C. § 363(c)(1).

## TENTH AFFIRMATIVE DEFENSE

9. The Postpetition Transfers were not transfers of the Debtors' interest in property.

## ELEVENTH AFFIRMATIVE DEFENSE

10. The Postpetition Transfers are not subject to avoidance as the transferors of each and every Postpetition Transfer is not a debtor in bankruptcy.

## TWELFTH AFFIRMATIVE DEFENSE

11. The Trustee has failed to mitigate his damages.


Dated:

**KELLEY DRYE & WARREN LLP**


By: /s/ *Eric R. Wilson*
Eric R. Wilson (ct443553)
Benjamin D. Feder (ct443211)
300 Atlantic Street
Suite 700
Stamford, CT 06901
Tel: (203) 324-1400
Email: ewilson@kelleydrye.com
bfeder@kelleydrye.com

and -

/s/ *Richard J. Reding*
Richard J. Reding (admitted *pro hac vice*)
REDING LAW PLLC
12485 Porcupine Court
Eden Prairie, MN 55344

Tel: (612) 217-1529
Email: rjr@redinglaw.net

*Counsel to Indium Software, Inc.*

9